The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hoag. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with regard to removing sanctions against IAEA Benefit Trust, Ross Fuller, Trustee, against whom proceedings have been stayed and minor modifications throughout the opinion.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between plaintiff and defendant employer at all relevant times.
3. The employee's average weekly wage is $659.70 per week yielding a compensation rate of $440.02.
4. Plaintiff sustained a compensable injury by accident arising out of and in the course and scope of his employment.
5. The following medical records and other documents were stipulated into evidence:
a. V. A. Outpatient Clinic (3 pp.)
b. Dr. Thomas A. Holm (6 pp.)
c. Catawba Radiological Associates (1 p.)
d. University of Alabama (12 pp.)
e. Highlands Diagnostic Center (2 pp.)
f. Park South Physical Therapy (9 pp.)
g. The Work Place (9 pp.)
h. Dr. E. Carter Morris (1 p.)
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a 50 year old male who served in heavy combat duty as a machine gunner in Vietnam. He received a Purple Heart and a Bronze Star. He had been married and has three children.
2. Plaintiff has a GED and also has been trained as a welder at Nunnelly Technical Trade School. Plaintiff is currently unemployed.
3. When plaintiff fell ten feet from the roof of a house in Hickory, North Carolina on May 10, 1995, he injured his back and suffered from hand pain as well as leg pain. Initially plaintiff was treated at Hart Industrial Clinic. He had no fractures and was treated and released. Plaintiff had been working as a temporary employee performing carpentry work for defendant employer for about six months prior to his compensable May 10, 1996 injury by accident.
4. Plaintiff relocated to Sylacauga, Alabama to reside with his widowed mother. He has sought additional treatment at the Spain Rehabilitation Clinic and also at the Back Clinic.
5. Plaintiff was examined at the Hart Clinic by Dr. R. W. Hart, III and released for light work on May 25, 1995 with the restrictions of lifting no more than 15 pounds and with no repetitive bending, stooping or lifting. Defendant employer had no light work.
6. Defendant-employer through IAEA Benefit trust/Ross Fuller, Trustee, and National Affiliated Adjusting Company arranged for medical treatment and paid plaintiff some temporary total disability weekly compensation. The compensation, which was not computed by taking two-thirds of plaintiff's average weekly wage, was paid through February 1, 1996. The payments then terminated without Industrial Commission approval. There was no justifiable basis for the termination of benefits.
7. The North Carolina Department of Insurance has found that the IAEA Benefit Trust plan in which defendants participate does not qualify as a self-insured workers' compensation plan in the state of North Carolina. Plaintiff has proven by a preponderance of the credible evidence of record that defendant-employer is non-insured for workers' compensaiton insurance purposes in North Carolina.
8. Defendant-employer does not have a policy of workers' compensation insurance on file with either the North Carolina Industrial Commission or North Carolina Department of Insurance. Defendant-employer is, therefore, non-insured for purposes of workers' compensation coverage in North Carolina.
9. Defendant IAEA Benefit Trust contends it is not subject to the provisions of the North Carolina Workers' Compensation Act in that it participated in a multi-state plan administered by an IAEA Benefit Trust.
10. Defendant IAEA Benefit Trust adjusted and handled plaintiff's compensation injury.
11. Defendant IAEA Benefit Trust also appeared through counsel at the March 14, 1996 hearing in Newton, North Carolina.
12. Defendant IAEA Benefit Trust requested affirmative relief from the North Carolina Industrial Commission in a Motion for Approval of Functional Capacity Evaluation filed on March 18, 1996.
13. IAEA Benefit Trust not only arranged for plaintiff's medical treatment by Dr. Eric Hart in North Carolina but also for treatment at UAB Hospital in Alabama and also paid for examination by several doctors in Alabama, including Dr. Anthony Pitts. Although some medical expenses were paid, there are outstanding balances remaining. When IAEA Benefit Trust refused to provide further treatment, plaintiff saw Dr. Carter Morris, an orthopaedic surgeon, who recommended a myelogram.
14. Dr. Anthony Pitts, in February 1996, referred plaintiff to Dr. Scott Richards for treatment of psychological problems and chronic pain. Defendant IAEA Benefit Trust refused to authorize such treatment.
15. Plaintiff uses a cane to ambulate, has chronic pain, has not reached maximum medical improvement, and is unable to return to work.
16. Beginning with a letter dated August 9, 1995, counsel for plaintiff has sought to have both defendants file a Form 21, and to otherwise comply with the provisions of the North Carolina Workers' Compensation Act and with the rules and regulations of the Industrial Commission. Defendants have refused to so comply.
17. Plaintiff was required to travel 500 miles each way from his home in Sylacauga, Alabama, to the hearing in Newton, North Carolina, and incurred $400.00 in extra living expenses while attending the hearing.
18. Plaintiff's counsel has been forced to expend unnecessary time in handling this case, including the preparation and attendance at the hearing before the Deputy Commissioner and the Full Commission and scheduling of depositions which were thereafter canceled by defendants.
19. Subsequent to the hearing, both defendants instructed their attorney to withdraw from the case. Defendant-employer thereafter retained a different attorney for representation on appeal.
* * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On May 10, 1995, the employee sustained an injury by accident arising out of and in the course and scope of his employment with defendant employer. N.C. Gen. Stat. § 97-2(6).
2. Defendant-employer is within the subject matter and personal jurisdiction of North Carolina Workers' Compensation Act and the North Carolina Industrial Commission, and therefore, is subject to the provisions of the North Carolina Workers' Compensation Act.
3. Since IAEA Benefit Trust/Ross Fuller, Trustee had not qualified with the North Carolina Department of Insurance to provide workers' compensation insurance in the State of North Carolina and defendant-employer does not have a policy of workers' compensation insurance on file with either the North Carolina Industrial Commission or North Carolina Department of Insurance, defendant-employer is considered non-insured for workers' compensation purposes in the State of North Carolina and, thus, subject to the provisions of N.C. Gen. Stat. § 97-94.
4. As a result of his injury by accident, plaintiff has been unable to work since May 10, 1995, and is in need of further medical treatment. N.C. Gen. Stat. § 97-25.
5. Defendant-employer paid plaintiff a portion of the Workers' Compensation benefits to which plaintiff was entitled from May 11, 1995 through February 1, 1996. Defendant-employer then wrongfully terminated payments to plaintiff without Industrial Commission approval. As a result of defendant-employer's willful failure to abide by the law and with the rules of the North Carolina Industrial Commission, defendant-employer should not receive credit for any payments made to plaintiff. N.C. Gen. Stat. § 97-18 and N.C. Gen. Stat. § 97-42.
6. Defendant-employer's defense at the March 4, 1996, hearing was without reasonable grounds. As a result, defendant-employer should bear the costs of the proceedings, including plaintiff's attorney fees and expenses for the employee in attending the hearing. N.C. Gen. Stat. § 97-88.1.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant-employer shall pay to plaintiff temporary total disability in the amount of $440.02 per week beginning May 11, 1995, and continuing until further orders of the Industrial Commission. This temporary total disability compensation has accrued to the date of the filing of this Opinion and Award and shall be paid in a lump sum subject to the attorney's fees hereinafter awarded and without credit for previous payments. Thereafter, defendant-employer shall make weekly payments to plaintiff with every fourth check paid directly to plaintiff's counsel. Defendants shall also pay an extra 10 percent penalty of the lump sum amount due to plaintiff for the violation of N.C. Gen. Stat. § 97-18. One fourth or 25 percent of the lump sum amount which has accrued shall be deducted from the lump sum and paid directly to plaintiff's counsel with the remaining portion paid directly to plaintiff.
2. Defendant-employer shall pay the costs, including reasonable attorneys fees to plaintiff's counsel in the amount of $2,000.00 for defense of this action without reasonable grounds and for failure to comply with the law and Rules of the North Carolina Industrial Commission. Further, defendant-employer shall pay $400.00 to plaintiff for his expenses in attending the hearing in Newton, North Carolina.
3. Defendant-employer shall pay for medical expenses incurred by plaintiff in the past as a result of treatment for his compensable injury by accident. Defendant-employer shall be responsible for paying for such future medical treatment as shall be necessary to effect a cure, give relief or to lessen the period of plaintiff's disability, or to be incurred as a result of his compensable injury by accident. Further, defendant-employer shall provide the testing and treatment recommended by both Dr. Carter Morris and Dr. Scott Richards.
 S/ _______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ____________________ THOMAS J. BOLCH COMMISSIONER
S/ ____________________ COY M. VANCE COMMISSIONER
DCS:bjp